IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**

    Plaintiff,

v.

**RICK LUNDSTROM,**

    Defendant.

Case No. 6:18-cr-00185-MC

OPINION AND ORDER

**MCSHANE, Judge**:

Defendant Rick Lundstrom moves for compassionate release based on emergency circumstances because of the COVID-19 pandemic. For the following reasons, Mr. Lundstrom's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i), ECF No. 80, is GRANTED.

## **LEGAL STANDARD**

Congress, through the First Step Act, amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to file a motion directly with the district court for compassionate relief after exhausting all administrative remedies. The Court may reduce a defendant's sentence if:

> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

1 – OPINION AND ORDER

The pertinent policy statement for sentence reductions related to medical ailments is found at U.S.S.G. § 1B1.13. "Circumstances that may present extraordinary and compelling reasons to reduce a defendant's sentence include a 'terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)' or 'a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover.'" *United States v. Bunnell*, No. CR1400119001PHXDGC, 2019 WL 6114599, at *1 (D. Ariz. Nov. 18, 2019) (quoting U.S.S.G. § 1B1.13, Application Note 1). The Court also considers whether the defendant is still a danger to the community by consulting the factors listed at 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2).

The Court may thus reduce Mr. Lundstrom's sentence under the First Step Act if it determines the existence of extraordinary and compelling reasons and that Mr. Lundstrom is no longer a danger to the community. *Bunnell*, 2019 WL 6114599, at *1.

## DISCUSSION

The Court sentenced Mr. Lundstrom to a sentence of 135 months for possession of child pornography under 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2). Def.'s Mot. To Reduce Sentence at 4, ECF No. 80. Mr. Lundstrom has served 58 months of his 135-month prison term, with an expected release date of June 15, 2025. *Id*. at 4-5.

At present, Mr. Lundstrom is 59 years old and suffers from multiple chronic health concerns, including chronic kidney disease, asthma, hypertension, chronic pain syndrome, and prediabetes. He is also obese, with a BMI of 37. Ex. A, ECF No. 80, at 13. Mr. Lundstrom's health poses an increased concern because of the ongoing COVID-19 pandemic. Although data on COVID-19 is changing each day, it is unquestionable that individuals with Mr. Lundstrom's underlying health conditions have higher rates of severe illness and fatality due to COVID-19.

*Coronavirus Disease 2019: People with Certain Medical Conditions*, CDC (September 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (noting that people with chronic kidney disease and obesity are at increased risk of severe illness from COVID-19, while people with asthma might be at an increased risk of severe illness from COVID-19). The combination of ailments that Mr. Lundstrom suffers from make him especially vulnerable to complications should he contract COVID-19.

Further, Mr. Lundstrom is currently incarcerated at the Federal Correctional Complex (FCC) in Lompoc, California. Data supports Mr. Lundstrom's contention that not only is he at higher risk of contracting COVID-19 at FCC Lompoc, he is particularly at risk of severe and perhaps fatal consequences if he becomes infected. *See* Kevin T. Schnepel, *COVID-19 in U.S. State and Federal Prisons*, Council on Criminal Justice, at 3 (Sept. 2020) (finding that prisoners are four times as likely to become infected with COVID-19 and that the COVID-19 mortality rate in prison is double the general public mortality rate).

Mr. Lundstrom has met the administrative exhaustion requirement, and his health conditions, in concert with the ongoing COVID-19 pandemic, qualify him for compassionate release. The only remaining question is whether Mr. Lundstrom presents a danger to the community.

When assessing whether a defendant remains a danger to the community, the Policy Statement from U.S.S.G. § 1B1.13 directs the Court to consult the factors listed in 18 U.S.C. § 3142(g), which includes: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including their physical and mental condition, past conduct, history relating to drug or alcohol abuse, criminal history; (4) and whether, at the time of

the current offense, the person was on probation, on parole, or on other release pending completion of a sentence. *See United States v. Spears*, Case No. 98-cr-0208-SI-22, 2019 WL 5190877, at *5 (D. Or. Oct. 15, 2019). Mr. Lundstrom asserts that his clean disciplinary record during his current incarceration and his participation in rehabilitation and educational programs show that he is no longer a danger to the community. Def.'s Mot. to Reduce Sentence at 21.

The Court agrees. Mr. Lundstrom has shown good behavior during incarceration and has been an active participant in the rehabilitation, educational, and vocational training available at FCC Lompoc. By serving the remainder of his sentence on federal supervision, Mr. Lundstrom will be able to participate in mental health counseling, sex offender treatment, and substance abuse treatment to address his underlying disorders. The Court recognizes that Mr. Lundstrom's offense occurred while he was previously on supervised release but agrees with Mr. Lundstrom that any danger he may pose to the community is properly mitigated by the Court's structured release plan. Mr. Lundstrom has proved that a reduction in sentence is sufficient, but not greater than necessary, to accomplish the sentencing purposes set forth un 18 U.S.C. § 3553(a)(2).

## CONCLUSION

For these reasons, Mr. Lundstrom's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i) (ECF No. 80) is GRANTED. Mr. Lundstrom's sentence is reduced to time served, effective on October 5, 2020. Further, under 18 U.S.C. § 3582(C)(1)(A) Mr. Lundstrom is ordered to serve a "special term" of 56 months of home confinement, to include time in the Sponsors' Transitional Housing Program. Mr. Lundstrom's previously imposed conditions of supervised release continue to apply. Mr. Lundstrom shall be released on October 5, 2020, for travel to Sponsors' Transitional Housing, if the Bureau of Prisons determines that he is COVID-

19 negative. If the Bureau of Prisons cannot make a determination by that date, or if there is not a bed available, the Government shall notify the Court without delay.

IT IS SO ORDERED.

DATED this 23rd day of September, 2020.

      _s/Michael J. McShane_
      Michael J. McShane
      United States District Judge